IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHARLES GILLIAM, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:24-cv-02683-TLP-atc |
| v. | ) |
| | ) |
| CARRINGTON MORTGAGE, | ) |
| | ) |
| Defendant. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION
TO DISMISS THE CASE WITHOUT PREJUDICE**

Magistrate Judge Annie T. Christoff ("Judge Christoff") entered a Report and Recommendation ("R&R") recommending that this Court dismiss Plaintiff's case for failure to prosecute under Federal Rule of Civil Procedure 41(b). For the reasons below, this Court agrees with Judge Christoff and **ADOPTS** her R&R.

**BACKGROUND AND THE R&R**

As Judge Christoff explains, Plaintiff Charles Gilliam Jr. ("Plaintiff") filed a pro se Notice of Removal (ECF No. 1), attempting to remove a foreclosure case from Shelby County Chancery Court, CH 24-1150 ("Chancery Court Case"). (ECF No. 1.) Although Plaintiff is the defendant in the Chancery Court Case, he listed himself as the Plaintiff on the Notice of Removal here. (*Id.*) The Court referred this matter to Judge Christoff for all pretrial matters for determination or report and recommendation as appropriate. (ECF No. 9.)

After reviewing the Notice of Removal, Judge Christoff found that it contained two significant procedural defects. First, the Notice of Removal's attachments do not contain the

1

Complaint from the Chancery Court Case. 28 U.S.C. § 1446(a) (explaining that a defendant removing a case to federal court must file a notice of removal and "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action"). Second, at the time Gilliam filed his removal notice here, neither this case's docket nor the Chancery Court Case's docket included any indication that Plaintiff filed a Notice of Filing of Notice of Removal, as the law requires. Twenty-eight U.S.C. § 1446(d) provides:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

As Judge Christoff notes, "[t]he requirement of notice to the state court 'is an important part of the removal process and has been held necessary to terminate the state court's jurisdiction.'" *Lang v. Mattison*, No. 6:13cv-038-DCR, 2013 WL 2103145, at *2 (E.D. Ky. May 14, 2013) (quoting *Resol. Tr. Corp. v. Nernberg*, 3 F.3d 62, 69 (3d Cir. 1993)). And "[t]he determination of what constitutes 'promptness' under the removal statute depends on the circumstances of the case. The Sixth Circuit has expressed a reluctance to interpret statutory removal provisions in a rigid manner." *Fulton v. W. Coast Life Ins. Co.*, No. 2:09-cv-2015-JPM-tmp, 2009 WL 10689195, at *2 (W.D. Tenn. Feb. 27, 2009) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 164 (6th Cir. 1993)).

Recognizing that an immediate dismissal may be a harsh result, Judge Christoff ordered Plaintiff on March 12, 2025, to remedy the two defects and she gave him a deadline of April 2, 2025, to do so. (ECF No. 10.) And Judge Christoff warned Plaintiff that failure to comply would "result in the dismissal of this case without prejudice for failure to prosecute." (*Id.*) Even

so, Plaintiff has not responded to Judge Christoff's Order or otherwise taken any action in this case.[1]

In May 2025, Judge Christoff submitted the R&R, recounting the procedural history and the standard for dismissal under Rule 41(b). (ECF No. 11.) She recommends dismissal of this case without prejudice. (*Id.*) Having reviewed the record here, this Court finds no clear error in Judge Christoff's conclusion and her reasoning. The Court now turns to the legal standard.

## **LEGAL STANDARD**

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters, including the involuntary dismissal of an action. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

If the parties do not object, then a district court reviews a R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Judge Christoff entered her R&R on May 30, 2025, and neither party

---

[1] The Court has reviewed the docket in the Chancery Court Case, and Plaintiff may have filed a notice of removal in the Chancery Court Case after Judge Christoff's Order to Show Cause. But the Court cannot access the document. In any event, Plaintiff has not complied with Judge Christoff's Order to Show Cause, which directed him to "file a Notice of Filing of Notice of Removal in the Chancery Court Case, serve that notice on any other parties who have appeared in the Chancery Court Case, *and file a file-stamped copy of that notice on the docket in this case*." (ECF No. 10 at PageID 44.) Plaintiff has also failed to file on the docket here a copy of the Complaint from the Chancery Court Case, which Judge Christoff ordered him to do in her Order to Show Cause. (*Id.* at PageID 42–43.) What is more, Plaintiff has not objected to Judge Christoff's R&R or taken any action in this case since Judge Christoff's Order to Show Cause. All in all, Plaintiff is not prosecuting this action.

objected. And the time to do so has now passed. The Court therefore reviews the R&R for clear error.

## DISPOSITION

Having reviewed the record here, the Court finds no clear error. The Court therefore **ADOPTS** the R&R and **DISMISSES** this case **WITHOUT PREJUDICE**.

Rule 41(b) provides for involuntary dismissal of a complaint when the plaintiff fails to prosecute or to comply with a court order. And the Supreme Court has recognized a district court's inherent power to dismiss a case for failure to prosecute. *Marchand v. Smith & Nephew*, 2013 WL 6780559, at *2 (W.D. Tenn. Dec. 19, 2013) (quoting *Chambers v. NASCO*, Inc., 501 U.S. 32, 48 (1991)). Rule 41(b) "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

To determine whether dismissal under Rule 41(b) is appropriate, courts consider four factors, none of which are dispositive: (1) if the party acted willfully or in bad faith; (2) if the adverse party will be prejudiced; (3) if the party was warned that failure to respond could lead to dismissal; and (4) if less drastic sanctions were considered. *See Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 736 (6th Cir. 2008)). All in all, dismissal under Rule 41(b) is appropriate when a party exhibits a "clear record of delay," stubborn disregard for the rules of court and "is inexcusably unprepared to prosecute the case." *Shavers*, 516 F. App'x at 570.

Judge Christoff applied the factors and recommended that the Court dismiss Plaintiff's case under Rule 41(b) without prejudice. For the first factor, "[w]illfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Shavers*, 516 F.

4

App'x at 570 (quoting *Schafer*, 529 F.3d at 737). The Court agrees with Judge Christoff that this factor favors dismissal. Plaintiff first failed to follow the statutory removal procedures. Then Plaintiff failed to comply with Judge Christoff's Order to Show Cause. At a minimum Plaintiff's conduct here shows a reckless disregard for the effect of his actions on these proceedings.

For the second factor, "[a] defendant is prejudiced by the plaintiff's conduct where the defendant waste[s] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Wright v. City of Germantown, Tenn.*, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (quoting *Shavers*, 516 F. App'x at 570)). As Judge Christoff notes, this factor favors dismissal. Indeed, given Plaintiff's failure to follow the removal procedures and comply with Judge Christoff's Order, Defendant may not know about this case or the need to defend against this case.

The third factor— notice—is a key consideration in the analysis. *Schafer*, 529 F.3d at 737 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Judge Christoff gave Plaintiff a clear warning that failure to comply with the Order to Show Cause may result in dismissal of this action. (ECF No. 10.) So the third factor, notice, supports dismissal.

Finally, applying the fourth factor, a Court need not implement a lesser sanction before dismissing a case. *Shavers*, 516 F. App'x at 571 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). In fact, if a party ignores court orders and still fails to prosecute his case then dismissal is appropriate. *See Lee v. GlaxoSmithKline, LLC*, 2014 WL 691192, at *2 (W.D. Tenn. Feb. 21, 2014) (finding dismissal under Rule 41(b) appropriate when a plaintiff failed to comply with several court orders). The Court therefore agrees with Judge Christoff that this factor favors dismissal. Simply put, Plaintiff's conduct here shows no intention of prosecuting this case and it would be futile to give a lesser sanction.

## **CONCLUSION**

The Court has reviewed Judge Christoff's R&R for clear error and finds none.  And so, the Court **ADOPTS** the R&R and **DISMISSES** this case **WITHOUT PREJUDICE**.

**SO ORDERED**, this 15th day of September, 2025.

                                              s/Thomas L. Parker
                                              THOMAS L. PARKER
                                              UNITED STATES DISTRICT JUDGE